IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR., A MONTANA RESIDENT      PLAINTIFF

V.      CAUSE NO.: 5:22-cv-37-DCB-RHWR

CHANCE J. EVANS, A MISSISSIPPI RESIDENT      DEFENDANT

## COMPLAINT FOR DAMAGES

### I. PARTIES

1. The Plaintiff is Gayle J. Evans, Jr., who sues in his individual capacity and is a resident citizen of the State of Montana, whose residence address there is 1050 Redrock Loop, Stanford, Montana 59479

2. The Defendant, Chance J. Evans, is being sued as an individual, and he is a citizen of the State of Mississippi, who may be served with process of this court at his residence address in Franklin County, which is 1095 Hwy 84 East, McCall Creek, Mississippi.

### II. VENUE

3. Venue is proper in this district under 28 U.S.C. Section 1391(b)(1), because Defendant, Chance J. Evans resides in this district, and for the further reason that venue is proper in this district, under 28 U.S.C. 3191(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III. FACTS

4. Before January 1, 2020, Gayle J. Evans, Sr., Gayle J. Evans, Jr., and Chance J. Evans owned a skilled nursing home facility located in Natchez, Adams County, Mississippi. Gayle J. Evans, Sr. was the natural father of Gayle J. Evans, Jr. and the adoptive father of Chance J. Evans. In a Lease Contract & Agreement, which lease contract and agreement contained an

effective date of January 1, 2020, Gayle J. Evans, Sr., Gayle Evans, Jr., and Chance J. Evans, as lessors, executed the lease contract in consideration of rentals set forth therein, agreeing and binding to lease their nursing home facility at Natchez, Mississippi. The three Evans persons agreed to lease the skilled nursing facility owned by them, to Adams County Community Care Center, a Mississippi Limited Liability Company d/b/a Adams County Nursing Center, consisting of 120 nursing home beds, authorized by a Certificate of Need, and also leased, as a part of the same Lease Contract and Agreement, a tract of real property situated in Natchez, Adams County, Mississippi described as follows:

> All of Tract V-A of Glenburney, containing 3.895 acres, said Tract V-A being depicted on a map or plat of subdivision of Tract V of Glenburney which said map is attached as Exhibit "A"; to that certain Deed from Hollis Lamar Smith to Joseph S. Zuccaro and Gayle J. Evans dated April 1, 1977, and recorded in Deed Book 13-Q, page 168, 45-1 IOA-32 of records of Adams County, Mississippi.

Together the Facility and the Parcel were referred to by the parties as the Leased Premises, which included all furniture, fixtures, equipment, beds and kitchen used in the operation of the nursing facility being leased.

5. The term of the Lease Agreement executed by the Evans individuals was for a period of five (5) years, commencing on January 1, 2020 and terminating at midnight on December 31, 2024. The Evans individuals agreed that, also under the Lease Contract, they had granted to the Lessee, the right to extend the Lease for an additional five (5) years, commencing January 1, 2025 and terminating at midnight on December 31, 2029, under the same terms and conditions contained in the original lease.

6. The Lessee (Adams County Community Care Center, LLC, d/b/a Adams County Nursing Center), agreed to pay a monthly lease payment of $52,000.00 per month for the initial term, payable in advance on the first day of each month. Under the Lease Contract, beginning January, 2020, all rental payments were to be paid to Lessors electronically or by mail at Post

Office Box 55, McCall Creek, Mississippi 39602. Since Gayle J. Evans, Sr. owned a forty percent (40%) interest in the nursing home facility, its property and assets, 40% of the monthly lease payment of $52,000.00 was to be disbursed to him in the amount of $20,800.00 every month to Gayle J. Evans, Sr. Gayle J. Evans, Jr., and Chance J. Evans each owned a thirty percent (30%) interest in the nursing home facility, its property and assets. Therefore Gayle J. Evans, Jr. and Chance J. Evans were each to be paid $15,600.00 per month after January 1, 2020 from each monthly lease payment for their portion.

7. After signing the aforementioned Lease Contract and Agreement, Gayle J. Evans, Sr. died suddenly and unexpectedly on August 10, 2019, leaving a Last Will and Testament dated July 5, 2017. His will has been probated, and under Paragraph 13 of "Final Accounting Order Distributing Assets, Closing Estate and Discharging Executor" filed January 21, 2020, the Chancery Court of Franklin County, Mississippi in Cause No. 19-2019 -pr-093-WS held that under his Will, Gayle Jackson, Sr. willed, devised and bequeathed unto Gayle Jackson Evans, Jr. and Chance Jackson Evans, the real and personal property which is the subject of this case.

8. As provided in the Last Will and Testament of Gayle J. Evans, Sr., his 40% interest in the Lease Contract and Agreement was bequeathed ½ to Gayle J. Evans, Jr., and ½ to Chance J. Evans. This resulted in a modification of the amount to be paid to the remaining owners, the plaintiff and defendant in this case. Therefore, the amount due to be paid to the remaining owners, Gayle J. Evans, Jr., and Chance J. Evans, was twenty-six thousand dollars per month to each, beginning January 1, 2020, each portion being one-half of the $52,000.00 per month total lease income received from the lessee. However, the Defendant has never paid any amount to the Plaintiff, but the $15,600.00 per month

to the Plaintiff. The Plaintiff has repeatedly asked why he has not been paid the full amount which is due, or $26,000.00 he is due. The Defendant has refused and intentionally failed to pay the amount he is to pay the Plaintiff.

9. Due to the unlawful acts of the Defendant, Chance Jackson Evans, the increased amount of the funds due to be paid to Gayle J. Evans, Jr., under the lease agreement have never been paid to him, but have been wrongfully held by the Defendant. Because of the wrongful possession, by Chance Jackson Evans, and his wrongful exercise of dominion in exclusion and defiance of the full rights of Gayle J. Evans, and the embezzlement by Chance Jackson Evans who has fraudulently concealed or converted to his own use, the full amount of funds due to be paid to the Plaintiff, the Defendant Chance Jackson Evans, has wrongfully and fraudulently appropriated unto himself the property of Gayle J. Evans, Jr., in the amount of $10,400.00 per month since January 1, 2020, and he still refuses to make the full payments due to the Plaintiff of $26,000.00 per month.

## COUNT I: CONVERSION

10. By the wrongful acts of the Defendant, Chance Jackson Evans, there has resulted a wrongful possession, and the exercise of a dominion by Chance Jackson Evans, in exclusion and defiance of the rights of Gayle Jackson Evans, Jr. of the full amount of monthly lease payments due to have been paid and received by Gayle J. Evans, Jr. since January 1, 2020 until the present date.

11. There has been, on the part of the Defendant Chance Jackson Evans, an unlawful and wrongful taking of the cash involved, in wrongful defiance and exclusion of the rights of the Plaintiff, Gayle Jackson Evans, Jr. Further, there has been a wrongful

holding by Chance Jackson Evans of the possession under a claim of right of title inconsistent with that of the Plaintiff. The acts of Chance Jackson Evans have amounted to a conversion, because of the intent of the Defendant to exercise dominion or control over the cash lease payments of the true owner, Gayle Jackson Evans, Jr.

12. The Defendant is guilty of a wrongful possession of cash funds belonging to the Plaintiff, and has and continues to exercise dominion of $10,400.00 per month in exclusion or defiance of the Plaintiff's rights, and then Defendant continues to make unauthorized or injurious use of $10,400.00 every month, and of a wrongful detention thereof after demand by the Plaintiff.

13. The amount which has been converted to his own use by the Defendant, Chance Jackson Evans, is in the amount of $10,400.00 per month, beginning with the payment due on January 1, 2020, and for the payment due for each succeeding month after January 1, 2020, or twenty-nine months to date, which totals three hundred and one thousand and six hundred dollars ($301,600.00), and for $10,400.00 each month hereafter.

## COUNT II: EMBEZZLEMENT

14. The Plaintiff incorporates herein all allegations set forth hereinabove.

15. The Defendant, Chance Jackson Evans, has committed embezzlement, by his wrongful appropriation of the property and funds of the Plaintiff herein, and the Plaintiff would submit that the defendant has embezzled and fraudulently secreted and concealed, with intent to embezzle or convert to his own use, a sum of money ($10,400.00 per month) which was and is the property of the Plaintiff, Gayle Jackson Evans, Jr.

16. The Plaintiff has suffered direct losses of money on account of the dishonest and criminal acts committed by the Defendant, and the amount which has been embezzled

by the defendant, which is owed by him to the Plaintiff as stated, is $301,600.00 to the present date, and $10,400.00 for each month hereafter.

## COUNT III: PUNITIVE DAMAGES

17. The Plaintiff incorporates herein all allegations set forth hereinabove.

18. The Plaintiff is entitled to an award of punitive damages in this case, because the Defendant has done to the Plaintiff a wrong which imparts insult, fraud, oppression, or reckless disregard for the Plaintiff's rights, as here where there is a showing of willful intentional wrong or such gross negligence or reckless conduct as to be equivalent to such wrong.

19. The Defendant has committed conversion and embezzlement of the funds of the Plaintiff, and has ignored requests by the Plaintiff that he be paid the full amount due and owed to him. The Defendant has wrongfully and willfully held funds belonging to the Plaintiff for a period of the past 29 months. He has refused to provide to the Plaintiff any information about the funds, or why they are being withheld from the Plaintiff by the Defendant.

20. The conduct of the Defendant shows a wrongful act intentionally performed and a gross disregard of the rights of Plaintiff, and further, the Defendant has acted with malice towards the Plaintiff, entitling Plaintiff to an award of punitive damages from the Defendants.

Because of his oppressive acts and reckless disregard for Plaintiff's rights by his willful and intentional wrongs, the Plaintiff is entitled to punitive damages of and from the Defendant in an amount of not less than $500,000.00.

## **PRAYER FOR RELIEF**

For the above reasons, Plaintiff asks for the following:

(a) Actual damages of $301,600.00 to the present date, and $10,400.00 for each month after the filing of this case.

(b) Pre-judgment and post-judgment interest.

(c) Punitive damages in the amount of not less than $500,000.00.

(d) Costs of suit, and all other relief the Court may deem appropriate.

GAYLE J. EVANS, JR., PLAINTIFF

BY: WAYNE DOWDY, ATTORNEY AT LAW

_____
OF COUNSEL

WAYNE DOWDY, MSB # 6177
ATTORNEY AT LAW
215 East Bay Street
Post Office Box 30
Magnolia, MS 39652
(601) 783-6600 Telephone
(601) 783-3670 Facsimile
waynedowdy@waynedowdy.com

7