IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR.                                              PLAINTIFF

V.                                          CAUSE NO.: 5:22-CV-00037-DCB-BWR

CHANCE J. EVANS                                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court is Chance J. Evans ("Defendant")'s Motion to Seal Certain Exhibits and Memorandum Brief in Support of Motion for Summary Judgment to Restricted Case Participants [ECF No. 82]. In his Memorandum Brief in Support of Motion to Seal [ECF No. 83], Defendant asks this Court to seal, in their entirety, the following exhibits to Defendant's Motion for Summary Judgment [ECF No. 80]: Exhibits G, H, J, Q, R, S, U and V. Defendant also asks that his Memorandum Brief in Support of Motion for Summary Judgment be sealed in its entirety. Id. Defendant has represented to the Court that the Motion to Seal is not contested. [ECF No. 82] at 1. To date, Gayle J. Evans, Jr. ("Plaintiff") has not responded to the Motion. Having carefully reviewed the parties' submissions and the law related thereto, the Court finds as follows:

1

I.
BACKGROUND

This case involves a lease payment dispute between Plaintiff and Defendant, co-lessors of a nursing home facility located in Natchez, Mississippi.  Plaintiff alleges in his Second Amended Complaint [ECF No. 18] that Defendant has committed conversion and embezzlement by failing to distribute to Plaintiff his full 50% share of the monthly lease payment.  Plaintiff further alleges that Defendant abused a confidential relationship with their now-deceased father, Gayle J. Evans, Sr., and abused his office as executor of the estate of Gayle J. Evans, Sr.  In his Answer to Plaintiff's Second Amended Complaint [ECF No. 19], Defendant denies all allegations.

II.
LEGAL STANDARD

Citizens have a common law right of access to judicial records.  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  The Fifth Circuit recognizes a "working presumption ... that judicial records should not be sealed," June Med. Servs., L.L.C. v. Phillips, 22 F.4th 512, 521 (5th Cir. 2022), and courts in the Southern District of Mississippi require "clear and compelling reasons" to shield a document from public view.  L.U. Civ. R.

79(b)[1]; see, e.g., Cooksey v. Hunt S. Grp., LLC, No. 1:18CV49-LG-

---

[1] Local Uniform Civil Rule 79 provides:

Rule 79. Sealing of Court Records

(a) Court Records Presumptively in Public Domain. Except as otherwise provided by statute, rule, including FED. R. CIV. P. 5.2, or order, **all pleadings and other materials filed with the court ("court records") become a part of the public record of the court.**
(b) Documents Filed With the Court. Every document used by parties moving for or opposing an adjudication by the court, other than trial or hearing exhibits, must be filed with the court. No document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document. **Any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents.**
(c) Sealed Orders. A judicial officer may seal a court order, including an order to seal documents and related findings, when sealing a court order meets the standard for sealing a document.
(d) Stipulations, Confidentiality and Protective Orders Insufficient. **No document may be sealed merely by stipulation of the parties.** A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule. Any document filed under seal in the absence of a court order to seal may be unsealed without prior notice to the parties.
(e) Procedure for Filing Documents Under Seal or Sealing a Case.
  (1) A party submitting a document or portion of a document for filing under seal under a governing statute, rule, or order must note on the face of the document that it or a portion of it is filed under seal under that statute, rule, or order (specifying the statute(s), rule(s) or order(s) relied upon). The clerk will provide public notice by stating on the docket that the document contains sealed material.
  (2) Any document not covered by section (e)(1) and filed with the intention of being sealed must be accompanied by a motion to seal. The clerk will provide public notice by docketing the motion in a way that discloses its nature as a

motion to seal. The document and any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion. Any filing unaccompanied by a motion to seal will be treated as a public record.
(3) Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:

  (A) A non-confidential description of what is to be sealed;
  (B) A specific request that the document or case:
    (1) Be sealed from any access by the public and the litigants' counsel;
    (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
    (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
  (C) **A statement of why sealing is necessary**, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and **why another procedure will not suffice**;
  (D) **References to governing case law**; and
  (E) Unless permanent sealing is sought, **a statement of the period of time the party seeks to have the matter maintained under seal** and how the matter is to be handled upon unsealing.
  (F) The proposed order **must recite the findings required by governing case law to support the proposed sealing.** Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

(f) Duration of Sealing. Court records filed under seal in civil actions will be maintained under seal until otherwise ordered by the court.
(g) Non-Filed Documents. Nothing in this Local Rule limits the ability of the parties, by agreement, to restrict access to documents which are not filed with the court.

Local Uniform Civil Rule 79 (emphasis added).

4

RHW, 2019 WL 13128563, at *1 (S.D. Miss. May 16, 2019); Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs., No. 3:16-CV-00233-CWR-FKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018).  Local Uniform Civil Rule 79 provides that any motion to restrict access to a court filing must state (i) why such sealing is necessary; (ii) why another procedure will not suffice, and (iii) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E).  The motion also must provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), and any statute mandating or permitting the non-disclosure of a class of documents.  See L.U. Civ. R. 79(b).  "No document may be sealed merely by stipulation of the parties."  L.U. Civ. R. 79(d).  The decision to seal is made on "a case-by-case, document-by-document, line-by-line" basis and must be "congruent to the need."  Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 419-20 (5th Cir. 2021); see also June Med. Servs., 22 F.4th at 521 (requiring "document-by-document, line-by-line" review); Gilliam v. Kinder Morgan, Inc., No. 2:22-CV-92-TBM-RPM, 2023 WL 2344698, at *1 (S.D. Miss. Mar. 2, 2023).  A district court must explain its decision to seal a record with enough detail to allow appellate review.  Binh Hoa Le, 990 F.3d at 419.

III.
ANALYSIS

Every request to seal that Defendant has presented to this Court is a request to seal an entire document or to seal an exhibit in its entirety. In violation of Local Uniform Civil Rule 79(e)(3), Defendant offers no explanation as to why the entire document must be sealed or why another procedure would not suffice, such as redaction. The Court finds that Defendant's proffered reasons for sealing entire documents are overly broad and lack the specificity required by Local Rule 79. [ECF No. 83] at 2-3. By way of example, Defendant states that: "Certain documents attached to the Motion for Summary Judgment and referenced or discussed in the Memorandum Brief in Support of Motion for Summary Judgment contain personal financial information of both Plaintiff ... and Defendant ..., and additional information that is private, personal, sensitive, or proprietary in nature such as social security numbers, taxpayer identification numbers, birth dates and financial account numbers." Id. at 1-2. While the Court concurs that nonpublic personal information requires protection from public view, information such as social security numbers, taxpayer identification numbers, birth dates, and financial account numbers may be – and often are - afforded protection by redaction rather than sealing the entire document. See, e.g., Fed. R. Bankr. P. 9037(a) regarding rules of redaction for filings made with the

court that contain an individual's social-security number, taxpayer identification number, birth date, the name of a minor (other than the debtor), or a financial-account number.  Rather than request an appropriate "surgical sealing that carefully balances the public's right to inspect documents against [a litigant's] privacy rights," Defendant has asked to seal every document appended to his Motion for Summary Judgment that contains information which the Defendant wishes to conceal from the public.  Halliburton Energy, 2018 WL 3061973, at *2.  Ironically, Defendant admits that Plaintiff already disclosed in his Second Amended Complaint [ECF No. 18] certain lease payment amounts that the Defendant considers to be "sensitive commercial business pricing information" worthy of sealing.  [ECF No. 83] at 2 & n.1.  "Such privacy is appropriate for private arbitration, not public adjudication—particularly given that 'the documents sought to be sealed are exhibits to a dispositive motion,' which means that 'the weight afforded to the public's common-law right of access is necessarily greater.'" Halliburton Energy, 2018 WL 3061973, at *2 (citing BG v. Banks, No. 4:16-CV-64-DMB-JMV, 2016 WL 7480402, at *1 (N.D. Miss. Dec. 29, 2016)).

In reviewing and analyzing the Motion to Seal, the Court is reminded of the Fifth Circuit's admonition to district courts:

> Judicial records belong to the American people; they are public, not private, documents. Certainly, some

> cases involve sensitive information that, if disclosed, could endanger lives or threaten national security. But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps.
> This is such a case. The secrecy is consensual, and neither party frets that 73 percent of the record is sealed. But we do, for three reasons. First, courts are duty-bound to protect public access to judicial proceedings and records. Second, that duty is easy to overlook in stipulated sealings like this one, where the parties agree, the busy district court accommodates, and nobody is left in the courtroom to question whether the decision satisfied the substantive requirements. Third, this case is not unique, but consistent with the growing practice of parties agreeing to private discovery and presuming that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard. [footnote omitted].

<u>Binh Hoa Le v. Exeter Fin. Corp.</u>, 990 F.3d 410, 417–18 (5th Cir. 2021).

On this record, the Court finds that the Motion to Seal does not comply with Local Rule 79.  It does not provide clear and compelling reasons that support the requested relief of sealing entire documents: namely, a memorandum in support of a dispositive motion and certain exhibits thereto.  It does not propose a narrowly tailored plan that balances the public's right to inspect documents against the movant's privacy rights, and it does not explain why another procedure (such as redaction) will not suffice.  The Motion cites no statute that mandates or permits the non-disclosure of a class of documents, and it does not cite sufficient governing case law to support an

order sealing entire documents. The Motion fails to inform the Court of (i) the requested level of restriction pursuant to Local Rule 79(e)(3)(B)(1-3); and (ii) the length of time that the documents should be sealed as required under Local Rule 79(e)(3)(E). Finally, the Court notes that Defendant did not submit a proposed order that complied with all the requirements of Local Rule 79(e)(3)(A)-(F). For the above reasons, the Motion to Seal must be denied, but the Court will provide Defendant with the opportunity to re-urge a motion to seal and proposed order that comply with the requirements of Local Rule 79 and governing law. See Gilliam, 2023 WL 2344698, at *2 (denying motion to seal without prejudice and directing defendant to review Local Rule 79 prior to re-urging his motion).

Accordingly,

Defendant's Motion to Seal [ECF No. 82] is **DENIED** without prejudice.

SO ORDERED, this the 4th day of April 2023.

/s/  David Bramlette
UNITED STATES DISTRICT JUDGE