IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


GAYLE J. EVANS, JR.                                PLAINTIFF


v.                          CAUSE NO.: 5:22-CV-00037-DCB-BWR


CHANCE J. EVANS                                    DEFENDANT


MEMORANDUM OPINION AND ORDER


Before the Court is Chance J. Evans ("Defendant")'s Motion to
Enforce Settlement Agreement [ECF No. 98] (the "Motion to Enforce")
and his First Amended Motion to Enforce Settlement Agreement [ECF
No. 108] (the "Amended Motion").  Gayle J. Evans, Jr. ("Plaintiff")
responded in opposition [ECF No. 99] to the Motion to Enforce, but
he did not respond to the Amended Motion.  Having carefully
reviewed the parties' submissions, the transcript of the settlement
conference that United States Magistrate Judge Bradley W. Rath
conducted, and the law related thereto, the Court finds that the
settlement should be enforced.


BACKGROUND EVENTS

This diversity case involves a dispute between two brothers
over the ownership and management of a family-owned nursing home

1

facility located in Natchez, Mississippi.  Plaintiff, a Montana

resident, and Defendant, a Mississippi resident, each participated

in a settlement conference at the United States District Court for

the Southern District of Mississippi in Natchez, Mississippi, on

June 8, 2023.  All parties were present in person and represented

by their respective legal counsel.  With Magistrate Judge Rath

presiding, the parties reached a settlement of the lawsuit and

announced the settlement on the record:

> **MR. REED [Defendant's counsel]:** Okay. The Natchez Nursing
> Home property will be -- an LLC will be created, a
> Mississippi LLC, managed by Chance Evans. Thirty-eight
> percent of that nursing home property will be owned by
> G.J., or Gayle Jackson Evans, Junior; the remaining will
> be owned by Chance Jackson Evans. The trust currently
> that G.J. has will quitclaim to G.J., and then G.J. will
> convey his interest to the LLC. All parties, both
> plaintiff and defendant, will reaffirm that all the
> personal property in Mississippi owned by Gayle Evans,
> Senior, at the time of his death is jointly owned by the
> parties. And I don't think I messed up anything in
> relation to Harrison County.[1]

---

[1] Earlier in the settlement proceedings, the parties reaffirmed
on the record their agreement regarding the division of certain
real property that they inherited from their father:

> Judge, there's a 10.5-acre tract and a 120-acre tract
> that Gayle Evans, Senior, conveyed to both Gayle
> Evans, Junior and Chance Evans, signed in 2011, filed
> in 2014. That remains undivided real property in
> Harrison County as Mr. Dowdy said. And there is an
> executor's deed from the estate comprised of two
> tracts, 17.2 acres and approximately 2.71 that is
> solely owned, exclusively owned by Gayle Jackson
> Evans, Junior, also known as G.J.

Settlement Conf. Tr. [ECF No. 108-1] at 3:21-4:3.

**THE COURT:** Mr. Dowdy, did Mr. Reed accurately announce the terms of the parties' settlement?

**MR. DOWDY [Plaintiff's counsel]:** Yes, sir.

**THE COURT:** Were there any material terms of the settlement that were not included in the announcement?

**MR. DOWDY:** No, sir.

Settlement Conf. Tr. [ECF No. 108-1] at 3:21-4:3.  The Court then administered the oath to Plaintiff, who gave the following sworn testimony:

**THE COURT:** … Mr. Evans, you were present in the courtroom when the terms of the settlement were announced; is that correct?

**MR. GAYLE JACKSON [Plaintiff]:** Yes.

**THE COURT:** And did you hear the terms of the settlement as they were announced?

**MR. GAYLE JACKSON:**  Yes.

**THE COURT:** And do you understand the terms of the settlement?

**MR. GAYLE JACKSON:** Yes.

**THE COURT:** Are you in agreement with the terms of the settlement?

**MR. GAYLE JACKSON:** Yes.

**THE COURT:** Do you understand that the settlement of this matter will bring this case to a full and final conclusion?

**MR. GAYLE JACKSON:** Yes.

**THE COURT:** Do you understand that as a result of this

settlement, this case will be dismissed by the United
States District Court Judge?

**MR. GAYLE JACKXSON:** Yes.

**THE COURT:** Do you understand and are you in agreement
that this case is ready for the district judge to enter
an order or a judgment of dismissal with prejudice?

**MR. GAYLE JACKSON:** Yes.

Settlement Conf. Tr. [ECF No. 108-1] at 6:8-7:7.  The Court entered

its Order of Dismissal [ECF No. 97], which dismissed the case with

prejudice to all parties but retained jurisdiction to enforce the

settlement.[2]

To the Court's knowledge, since the settlement conference,

Plaintiff has not conveyed his interest in the nursing home

property to a jointly-owned Mississippi limited liability

company as the parties agreed under oath.[3]  Because Plaintiff did

---

[2] In pertinent part, the dismissal order states: "… this case is
hereby dismissed with prejudice as to all parties. If any party
fails to comply with the terms of this settlement agreed to by
all parties, any aggrieved party may move to reopen the case for
enforcement of the settlement agreement, and if successful, all
additional attorneys' fees and costs from this date shall be
awarded to such aggrieved party or parties against the party
failing to comply with the agreement.  The Court specifically
retains jurisdiction to enforce the settlement agreement.  [ECF
No. 97].

[3] In his Amended Motion, Defendant outlined the agreed-upon
conveyance structure as Plaintiff "… first executing a Quitclaim
Claim [sic] deed from Gayle Evans, Jr., as beneficiary of the
G.J. Evans Jr. Revocable Living Trust to Gayle Evans, Jr.,
individually, any interest said trust held in the nursing home
property. … Gayle Evans, Jr., also agreed to execute a Warranty

not prepare the contemplated quitclaim deed and warranty deed
to transfer his interest, Defendant's counsel filled the void
and prepared those legal instruments.  [ECF No. 98-3] at 14-23.
Plaintiff has not signed the proposed deeds.  According to
counsel, the agreed-upon limited liability company has not been
formed at the Mississippi Secretary of State's office, and a
formal operating agreement has not been finalized and executed
by the parties.  Defendant proposed a draft operating agreement,
which Plaintiff rejected.  Plaintiff did not prepare or propose
his own version of an acceptable operating agreement.

Finally, the Court finds it noteworthy that Magistrate
Judge Rath held an in-person status conference on January 4,
2024, after Defendant filed the Motion to Enforce.  The notice
of hearing on the docket warned:  "ALL PARTIES MUST BE
PHYSICALLY PRESENT AT THE CONFERENCE."  Only Plaintiff failed to
appear.  See Docket Minute entry, 1/4/2024.

## LAW AND ANALYSIS

Mississippi law, which applies in this diversity action,
strongly favors the settlement of disputes by agreement of the
parties.  Hastings v. Guillot, 825 So. 2d 20, 24 (Miss. 2002);

---

Deed to convey all of his undivided individual interest in the
nursing home property into the Limited Liability Company with
Chance Evans serving as manager."  [ECF No. 108] ¶ 2.

accord Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 391
(5th Cir. 1984) ("Compromises of disputed claims are favored by
the courts.") (citations omitted) (internal quotation marks
omitted).  Courts ordinarily will enforce a settlement absent
fraud, mistake, or overreaching.  Chantey Music Publishing, Inc.
v. Malaco, Inc., 915 So. 2d 1052, 1055 (Miss. 2005); Hastings,
825 So. 2d at 24; First Nat'l Bank v. Caruthers, 443 So.2d 861,
864 (Miss. 1983).  The Mississippi Supreme Court has provided
guidance regarding where the Court may begin its inquiry:  " …
in order for there to be a settlement, there must be a meeting
of the minds."  Viverette v. State Highway Comm'n of
Mississippi, 656 So. 2d 102, 103 (Miss. 1995).  Mississippi law
requires that the party claiming benefit from the settlement
must prove by a preponderance of the evidence that there was a
meeting of the minds.  Id.; Hastings, 825 So. 2d at 23.

"Federal courts have held under a great variety of
circumstances that a settlement agreement once entered into
cannot be repudiated by either party and will be summarily
enforced."  Cia Anon Venezolana De Navegacion v. Harris, 374
F.2d 33, 35 (5th Cir. 1967).  Consistent with these guiding
principles, "'a district court has inherent power to recognize,
encourage, and when necessary enforce settlement agreements
reached by the parties.'"  Del Bosque v. AT&T Adver., L.P., 441

Fed.Appx. 258, 260 (5th Cir. 2011)(quoting Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994)).

In accordance with the Mississippi Supreme Court's guidance, the Court will begin its inquiry by determining whether there was a meeting of the minds.  The record reveals that the Court need look no further than the transcript of the settlement agreement.  Settlement Conf. Tr. [ECF No. 108-1].  In court and under oath, Plaintiff - represented by his counsel - declared to Magistrate Judge Rath and all persons present that he had heard the terms of the settlement as they were announced, he understood the terms of the settlement, he agreed with the terms of the settlement, and that the case was ready for dismissal with prejudice.  Settlement Conf. Tr. [ECF No. 108-1] at 6:12-7:7.  Based on Plaintiff's own sworn testimony, the Court finds that there was a meeting of the minds, and a settlement agreement was reached by the parties at the June 8, 2023, settlement conference.  This conclusion is evidenced in writing by the conference transcript and memorialized in the Order of Dismissal.  [ECF No. 97].

In addition to arguing that there was no meeting of the minds (which the Court rejects), Plaintiff's fundamental objection to the settlement seems to be that, as a 62% owner of the limited liability company, Defendant will have a quorum and

control.  [ECF No. 99] at 2-3.  This may be true, but it also is
a material term of the settlement to which Plaintiff
unequivocally agreed.  Plaintiff agreed on the record that he
would own 38% of the LLC and that Defendant would own the
remaining ownership interests.  Settlement Conf. Tr. [ECF No.
108-1] at 5:9-13.  Plaintiff also agreed that Defendant would
manage the LLC.  Id. at 5:9-11.

Plaintiff further asserts that:  "***In retrospect***, the
proposed operating agreement that the Defendant has now
presented … is so fundamentally unfair and one sided in favor of
the Defendant that its submission and the motion to enforce its
execution is nothing short of bad faith."  [ECF No. 99] ¶2
(emphasis added).  The Court disagrees.

First, since the date of the settlement conference,
Plaintiff has made no attempt to propose his own version of an
operating agreement and has exerted no constructive effort to
finalize the terms of an operating agreement with Plaintiff.
Plaintiff has permitted Defendant's counsel to do all the legal
drafting in furtherance of the settlement, and Plaintiff has
made no serious contribution to that process.  Second, in
Mississippi, the absence of a written operating agreement is not
the death knell for a limited liability company.  In such
situations, the LLC and its members are governed by the

applicable provisions of the Revised Mississippi Limited Liability Company Act, Miss. Code Ann. §§ 79-29-101 to -1317. Coast Plaza LLC v. RCH Cap. LLC, 281 So. 3d 1125, 1132 (Miss. Ct. App. 2019)(Wilson, J.).  As Judge Wilson (formerly of the Mississippi Court of Appeals and now serving on the United States Fifth Circuit Court of Appeals) explained:  "The Act's statutory requirements serve as 'default rules' governing limited liability companies that do not have an operating agreement; those requirements are not optional guidelines for limited liability companies' members to follow, or disregard, as convenient."  Id.  Lastly, the Court does not accept the notion that Plaintiff should be permitted to renege on the parties' agreement so that he can dodge a deal that "in retrospect" he now regrets.  Saeed v. Kamboj, No. CV 17-13427, 2019 WL 3526710, at *7 (E.D. La. June 21, 2019) ("Nor can she create a new interpretation and argue there was never a meeting of the minds so that she can get out of a deal she made, but now seems to regret.").  What strikes the Court as unfair on this record is the idea that Plaintiff's breach of the settlement agreement should be condoned.

In closing, the Court wishes to address Plaintiff's assertion that the settlement is not enforceable because "it fails to set forth sufficiently definite material terms."  [ECF

No. 103] at 1.  To the contrary, at the settlement conference, Plaintiff's counsel represented on the record to the Magistrate Judge that there were no material terms of the settlement that were not included in the announcement of terms.  Settlement Conf. Tr. [ECF No. 108-1] at 5:23-25.  If there were specific terms that Plaintiff required to be included in a future operating agreement as a condition to settlement, he should have negotiated his required terms prior to the settlement conference and ensured that they were announced at the court proceeding. The record is clear that he did not.

CONCLUSION

The evidence shows that a settlement was achieved.  By refusing to execute the deeds that were a material term of the settlement, Plaintiff is in breach of the parties' settlement agreement.  Because Plaintiff has breached the agreement, Defendant is entitled to enforcement of the settlement.  Under the express terms of the Order of Dismissal, Defendant also is entitled to recover his attorneys' fees and costs expended in enforcing the settlement from the date of the Order.  The Court will review and rule on a properly presented motion for attorneys' fees, should Defendant wish to file one with the Clerk of Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement Agreement [ECF No. 98] and his First Amended Motion to Enforce Settlement Agreement [ECF No. 108] are **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant, as manager, is authorized to form, and promptly shall form, the limited liability company agreed to at the settlement conference by filing the appropriate certificate of formation with the Secretary of State of the State of Mississippi.  Until the parties are able to finalize an operating agreement, the limited liability company shall operate without an agreement in accordance with Mississippi law;

**IT IS FURTHER ORDERED** that Plaintiff shall execute and properly file the deeds contemplated by the settlement no later than fourteen (14) days from the date of formation of the limited liability company referenced above in this Order; and

**IT IS FURTHER ORDERED** that the Motion for Reconsideration [ECF No. 105] is dismissed as moot.

SO ORDERED, this the 4th day of March 2024.


             /s/ David Bramlette
        UNITED STATES DISTRICT JUDGE