IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GAYLE J. EVANS, JR.**                                                                                       **PLAINTIFF**

**VS.**                                                                  **CAUSE NO.: 5:22-CV-00037-DCB-BWR**

**CHANCE J. EVANS**                                                                                         **DEFENDANT**

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR CITATION OF CONTEMPT AND FOR ENFORCEMENT OF COURT'S JUDGMENT

COMES NOW, Defendant, Chance J. Evans, by and through his attorneys of record and respectfully files this his *Memorandum Brief in Support of Defendant's Motion for Citation of Contempt and for Enforcement of Court's Judgment*, pursuant to Federal Rule of Civil Procedure 70 and would show as follows:

### STATEMENT OF FACTS

On March 4, 2024, this Court entered its *Memorandum Opinion and Order* [Doc. 109] granting Chance J. Evans' *Motion to Enforce Settlement Agreement* [Doc. 98] and *First Amended Motion to Enforce Settlement Agreement* [Doc. 108]. The Court's *Memorandum Opinion and Order* [Doc. 109] ordered Gayle J. Evans, Jr. to ". . . execute and properly file the deeds contemplated by the settlement no later than fourteen (14) days from the date of formation of the limited liability company referenced above in this Order. . . ." [Doc. 109, Page 11].

Page 1

The Parties' Settlement Agreement provided that Gayle J. Evans, Jr., as Successor Trustee of the G.J. Evans Jr. Revocable Living Trust, would execute a Quitclaim Deed conveying any interest said Trust had in the Adams County Nursing Home to Gayle J. Evans, Jr. [Doc. 108-1, Page 5, Lines 13-14]. After execution of said Quitclaim Deed, Gayle J. Evans, Jr. would then execute a Warranty Deed from himself to Natchez Provisioner, LLC. [Doc. 108-1, Page 5, Lines 14-15]. The Parties' Settlement Agreement also provided that Chance J. Evans, would likewise execute a Warranty Deed conveying his interest in the Adams County Nursing Home to Natchez Provisioner, LLC. [Doc. 108-1, Page 3, Lines 2-5]. Additionally, the Parties would agree to an Operating Agreement for Natchez Provisioner, LLC and establish said LLC with the Mississippi Secretary of State's Office. [Doc. 108-1, Page 5, Lines 9-11].

Pursuant to the terms of the Parties settlement, counsel for Chance J. Evans drafted one (1) Quitclaim Deed, one (1) Warranty Deed, and an Operating Agreement for Natchez Provisioner, LLC.[1] On July 12, 2023, counsel for Chance J. Evans sent a letter via electronic mail with said deeds and Operating Agreement enclosed, to Gayle J. Evans, Jr.'s counsel for review and execution. [Doc. 98-3]. Gayle J. Evans, Jr. refused to execute either Deed or the Operating Agreement of Natchez Provisioner, LLC.[2] Similarly, Gayle J. Evans,

---

[1] Chance J. Evans filed the Certificate of Formation for Natchez Provisioner, LLC with the Mississippi Secretary of State's Office on June 29, 2023. [Exhibit "C"].

[2] It is of note that Gayle J. Evans, Jr. previously refused to execute the Natchez Provisioner, LLC Operating Agreement despite Gayle J. Evans, Jr.'s counsel agreeing to the Operating Agreement; following Judge Bradley W. Rath's assistance in reaching an agreement concerning said Operating Agreement.

Jr. has now refused to execute the same deeds in contempt of this Court's *Memorandum Opinion and Order* [Doc. 109]. Counsel for Chance J. Evans sent a good faith letter on March 26, 2024 stating that if Gayle J. Evans, Jr.'s counsel did not respond in writing by Noon on March 29, 2024, Chance J. Evans would file the appropriate motion with the Court. [Exhibit "**D**"]. Subsequently, Gayle J. Evans, Jr. filed his *Notice of Appeal* [Doc. 113] on March 28, 2024.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 62(a), proceedings to enforce are automatically stayed for thirty (30) days following the entry of the judgment requiring enforcement, unless the Court orders otherwise. *Fed. R. Civ. Pro. 62(a)*. Once said automatic stay ends, Federal Rule of Appellate Procedure 8(a) provides parties must motion the district court for a stay of their judgment pending appeal. *Fed. R. App. Pro. 8(a)(1)*. In this matter, the thirty (30) day automatic stay provided by Federal Rule of Civil Procedure 62(a) has expired, no motion to stay has been filed with this Court and the Court has not extended the stay *sua sponte*. Therefore, the Court may cite Gayle J. Evans, Jr. for contempt of and enforce its *Memorandum Opinion and Order* [Doc. 109].

Federal Rule of Civil Procedure 70(e) provides as follows:

> (e) Holding in Contempt. The court may also hold the disobedient party in contempt.

*Fed. R. Civ. Pro. 70(e)*. The United States Supreme Court has held that "[t]he power to punish for contempts is inherent in all courts. . . ." *Ex parte Robinson*, 86 U.S. 505, 510

(1873). Contempt proceedings are predicated on "the basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Parties may be held in contempt if they violate "a clear, specific court order either through action or inaction and with knowledge of the order." *Herman v. Transocean Offshore, Inc.*, No. CIV.A.1:99CV157GR, 2000 WL 33727967, 2 (S.D. Miss. July 20, 2000) (citing *Securities & Exchange Comm'n v. First Financial Group*, 659 F.2d 660, 669 (5th Cir.1981)).

"In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000)). "Once the movant has shown a prima facie case, the burden falls on the violating party to 'show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the consent order.'" *Little Tchefuncte River Ass'n v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (quoting *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)). If the violating party is found to be in civil contempt, courts may sanction "to coerce compliance ... or to compensate ... for the ... violation." *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (quoting *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997)).

In the case at hand, the Court's *Memorandum Opinion and Order* [Doc. 109] was entered on March 4, 2024. Said Order [Doc. 109], required Gayle J. Evans, Jr. to ". . . execute and properly file the deeds contemplated by the settlement no later than fourteen (14) days from the date of formation of the limited liability company referenced above in this Order. . . ." [Doc. 109, Page 11]. The above referenced limited liability company was formed in June 2023 and Gayle J. Evans, Jr. had been provided the above referenced deeds in July 2023. [Exhibit "B"]. Therefore, Gayle J. Evans, Jr. had fourteen (14) days from March 4, 2024 to execute the two Deeds. To date, Gayle J. Evans, Jr. has not executed or properly filed either the Quitclaim Deed or Warranty Deed contemplated by the Parties' Settlement Agreement. [Exhibit "E"]. Therefore, Gayle J. Evans, Jr. is in contempt of this Court's *Memorandum Opinion and Order* [Doc. 109].

## I. THE COURT SHOULD APPOINT THE CLERK OF COURT TO EXECUTE THE ABOVE REFERENCED DEEDS ON GAYLE J. EVANS, JR.'S BEHALF.

In the Fifth Circuit, "district courts have wide discretion to enforce decrees and to implement remedies for decree violations." *United States v. Alcoa, Inc.*, 533 F.3d 278, 286 (5th Cir. 2008). Any remedy for the contempt in the case at hand must necessarily involve a version of conveyance contemplated by Federal Rule of Civil Procedure 70. Federal Rule of Civil Procedure 70 provides the following method for transfer:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply with in the time specified, the court may

> order the act to be done at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

*Fed. R. Civ. Pro. 70(a)*. "Federal courts have [the] authority to use procedure created by state law for transferring title." *Buzzell v. Edward H. Everett Co.*, 180 F. Supp. 893, 902 (D. Vt. 1960) (citing *Langdon v. Sherwood* 124 U.S. 74 (1888)). The district court in *Buzzell* further stated that "[c]onveyance by one of the methods allowed by Rule 70 of the Federal Rules of Civil Procedure is also permissible if it is in harmony with the state substantive law of conveyancing." *Id.* at 902.

Similar to Federal Rule of Civil Procedure 70(a), Mississippi Rule of Civil Procedure 70(a) provides the following:

> (a) Specific Acts. If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

*Miss. R. Civ. Pro. 70(a)*. In *Melton v. Smith's Pecan, Inc.*, the Mississippi Court of Appeals noted that there is not an expansive body of case law surrounding the application of Mississippi Rule of Civil Procedure 70(a). *Melton v. Smith's Pecans, Inc.*, 65 So. 3d 853, 859 (Miss. Ct. App. 2011). Therefore, the Mississippi Court of Appeals reviewed the trial court's decision to appoint the circuit clerk to execute settlement documents on the Meltons' behalf based upon a "plain reading of the rule". *Id.* at 859.

Page 6

The Mississippi Court of Appeals noted that the trial court's settlement-enforcement order directed the Meltons to execute the settlement documents within fourteen days and that the record clearly reflected that the Meltons did not comply with said order. *Id.* at 860. Therefore, the Mississippi Court of Appeals found that the trial court properly exercised its discretion under Rule 70(a) in appointing the circuit clerk to execute the settlement documents on the Meltons' behalf. *Id.*

In the case at hand, a plain reading of Federal Rule of Civil Procedure 70(a) and Mississippi Rule of Civil Procedure 70(a) reveals that they are nearly identical. Similar to *Melton*, this Court has entered an Order [Doc. 109] enforcing the Parties' Settlement Agreement and directing Gayle J. Evans, Jr. to execute the necessary settlement documents within fourteen (14) days of the formation of the limited liability company contemplated by said Settlement Agreement. Gayle J. Evans, Jr. has failed to comply with said Order [Doc. 109]. Therefore, pursuant to the Federal Rule of Civil Procedure 70(a) and applicable Mississippi law for transferring title, this Court should appoint the Clerk of Court to execute and file the necessary deeds on Gayle J. Evans, Jr.'s behalf.

**II.    THE COURT SHOULD ENTER A JUDGMENT DIVESTING GAYLE J. EVANS, JR.'S REAL PROPERTY INTEREST AND VESTING SAID INTEREST IN NATCHEZ PROVISIONER, LLC.**

Federal Rule of Civil Procedure 70(b) provides the following alternative method for conveying Gayle J. Evans, Jr.'s interest to Natchez Provisioner, LLC:

> (b) Vesting Title. If the real or personal property is within the district, the court--instead of ordering a conveyance--may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

*Fed. R. Civ. Pro. 70(b).* There is limited case law concerning the application of Federal Rule of Civil Procedure 70(b) in the Fifth Circuit, therefore we must look to other circuits.[3] In *Buzzell v. Edward H. Everett Co.*, the United States District Court for the District of Vermont, imposed a constructive trust and divested The Edward H. Everett Company of legal title of a certain piece of land and vested the legal title with Josephine Buzzell.[4] *Buzzell v. Edward H. Everett Co.*, 180 F. Supp. 893, 903 (D. Vt. 1960). As noted *supra*, the district court stated that "[f]ederal courts have [the] authority to use procedure created by state law for transferring title." *Id.* at 902 (citing *Langdon v. Sherwood* 124 U.S. 74 (1888)). Further, the district court stated that "[c]onveyance by one of the methods allowed by Rule 70 of the Federal Rules of Civil Procedure is also permissible if it is in harmony with the state substantive law of conveyancing." *Id.*

The district court compared the method provided in Federal Rule of Civil Procedure 70(b) to a similar Vermont statute which was in existence at that time. *Id.* The district court noted that 12 V.S.A. § 4565 provided:

---

[3] *Cf. Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1153 (5th Cir. 1988) (approving dismissal of an individual's lawsuit on attorney's signature under Federal Rule of Civil Procedure 70, where the party failed to appear to sign the necessary documents).

[4] While not controlling, the *Buzzell v. Edward H. Everett Co.* case is a useful example of the way in which a federal district court has used Federal Rule of Civil Procedure 70(b) to convey title.

Page 8

> When a decree is made by a court of chancery for a conveyance, release or acquittance, and the party against whom the decree is made does not comply therewith by the time appointed, the decree shall be held to have the same effect as if the conveyance, release or acquittance had been executed agreeably to such decree.

*Id.* The district court found that Federal Rule of Civil Procedure 70(b) was sufficiently similar to 12 V.S.A. § 4565 as to "be in harmony with the state substantive law of conveyancing" *Id.* at 903. Therefore, the district court ordered that title be divested from The Edward H. Edward Company and vested in Josephine Buzzell. *Id.*

In the case at hand, Mississippi Rule of Civil Procedure 70(b) provides the following:

> (b) Divestment of Title. If real or personal property is within the State of Mississippi, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others; such judgment has the effect of a conveyance executed in due form of law.

*Miss. R. Civ. Pro. 70(b)*. There is not an expansive body of case law from either the Mississippi Supreme Court or Mississippi Court of Appeals, interpreting Mississippi Rule of Civil Procedure 70(b). However, a plain comparison is appropriate as shown in both *Melton* and *Buzzell*. Mississippi Rule of Civil Procedure 70(b) and Federal Rule of Civil Procedure 70(b) both provide that if a party does not comply with a judgment directing a conveyance, then the court may enter a judgment divesting title of any party and vesting it in the appropriate party, with said judgment having the same effect as a conveyance executed in due form of law. Therefore, applying Federal Rule of Civil Procedure 70(b) to

Page 9

divest Gayle J. Evans, Jr. of his interest in the Parties' Adams County Nursing Home and vest said interest in Natchez Provisioner, LLC.

## CONCLUSION

Gayle J. Evans, Jr. is in contempt of this Court's *Memorandum Opinion and Order* [Doc. 109] by his refusal to execute deeds conveying his real property interest to the agreed upon limited liability company. The applicable federal and state rules of civil procedure concerning conveyancing provide the Court with two methods of enforcing said Order [Doc. 109]. Chance J. Evans moves this Court to appoint the Clerk of Court to execute the necessary Deeds on Gayle J. Evans, Jr.'s behalf, or in the alternative, enter a Judgment divesting Gayle J. Evans, Jr.'s individual real property interest in the Parties' Adams County Nursing Home and vesting said real property interest in Natchez Provisioner, LLC.

This the 1st day of May, 2024.

Respectfully submitted,

**CHANCE J. EVANS**

BY:_____
LANE B. REED, OF COUNSEL

**PREPARED BY:**

LANE B. REED
MISS. BAR NO. 10002
MARY KATHRYN WILLIAMSON
MISS. BAR NO. 103000
ASHLEY A. JOHNSON
MISS. BAR NO. 105313
McGEHEE, McGEHEE & TORREY
ATTORNEYS AT LAW
POST OFFICE BOX 188
MEADVILLE, MISSISSIPPI  39653
TELEPHONE:  601-384-2343
FACSIMILE:   601-384-5442
ELECTRONIC MAIL: mmtlaw@mmtlaw.net

## CERTIFICATE OF SERVICE

I, Lane B. Reed, McGehee, McGehee, & Torrey, attorney of record for Chance J. Evans, do hereby certify that I have this date filed this **MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR CITATION OF CONTEMPT AND FOR ENFORCEMENT OF COURT'S JUDGMENT** with the Clerk of the Court using the ECF Filing System, which sent notification of such filing to the following:

> Wayne Dowdy, Esquire
> Dowdy Cockerham & Watt
> Post Office Box 30
> Magnolia, Mississippi 39652
> waynedowdy@waynedowdy.com

THIS the 1st day of May, 2024.

_____
LANE B. REED