# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 15, 2025
Lyle W. Cayce
Clerk

No. 24-60152

GAYLE J. EVANS, JR., *a Montana Resident*,

        *Plaintiff—Appellant*,

versus

CHANCE J. EVANS, *a Mississippi Resident*,

        *Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:22-CV-37

_____

Before JONES and OLDHAM, *Circuit Judges*, and HENDRIX, *District Judge*.[*]

PER CURIAM:

    In open court, Gayle J. Evans, Jr., confirmed settlement of his lawsuit against his brother Chance J. Evans. They agreed that Chance would manage a Mississippi LLC into which they would each transfer their respective interests in certain real property. Despite agreeing in open court that no material terms were left out of the agreement, Gayle reneged and refused to

---

[*] United States District Judge for the Northern District of Texas, sitting by designation.

No. 24-60152

sign any LLC operating agreement. The district court granted Chance's motion to enforce the agreement. We AFFIRM.

Gayle argues that the district court improperly added a material term to the settlement agreement by authorizing Chance to form the LLC without a written operating agreement. But Mississippi law enables the formation and operation of an LLC without one. Miss. Code Ann. § 79-29-105(t); *see Rest. of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc.*, 84 So. 3d 32, 39 n.1 (Miss. 2012) ("The Revised LLC Act . . . was adopted to . . . set up more default rules for LLCs without operating agreements."); *Coast Plaza LLC v. RCH Cap. LLC*, 281 So. 3d 1125, 1132 (Miss. Ct. App. 2019) (Wilson, J.) ("The Act's statutory requirements serve as 'default rules' governing limited liability companies that do not have an operating agreement."); *see also Logan v. RedMed, LLC*, 377 So. 3d 956, 964 (Miss. 2024) (explaining that a district court cannot supply material terms to a contract, but the law itself can).

For the first time on appeal, Gayle raises issues pertaining to a non-party trust's partial ownership of the relevant property. These arguments are meritless because (1) Gayle was both trustor and beneficiary of the trust, (2) no trust documents are in the record of the district court or this court, and (3) Gayle represented both in the district court and in multiple lease agreements submitted to this court that he, not the trust, personally owned the property under lease.

Gayle also argues that the parties' leasing the relevant property to a new tenant moots this case. But the case is not moot because the lease agreement is independent of this litigation, Chance still seeks to form the LLC agreed on in the settlement, and Gayle continues to renege.

We therefore AFFIRM. We retain jurisdiction to consider any action stemming from the concurrent Show Cause order, but REMAND to the

No. 24-60152

district court to consider sanctions against Gayle J. Evans, Jr., personally and to act as needed to enforce the parties' settlement agreement.