IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GAYLE J. EVANS, JR.**                                                         **PLAINTIFF**

**VS.**                                                      **CAUSE NO.:5:22-CV-00037-DCB-BWR**

**CHANCE J. EVANS**                                                     **DEFENDANT**

## MEMORANDUM BRIEF IN SUPPORT OF CHANCE J. EVANS' SECOND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

COMES NOW, Defendant, Chance J. Evans, by and through his attorneys of record and files this his *Memorandum Brief in Support of Second Supplemental Motion for Attorneys Fees and* would show unto the Court the following, to-wit:

### STATEMENT OF FACTS

On March 4, 2024, the Court entered its *Memorandum Opinion and Order* [Doc. 109] granting Chance J. Evans' *Motion to Enforce Settlement Agreement* [Doc. 98] and *First Amended Motion to Enforce Settlement Agreement* [Doc. 108]. The Court's *Memorandum Opinion and Order* [Doc. 109] also stated "[u]nder the express terms of the *Order of Dismissal* [Doc. 97], Defendant also is entitled to recover his attorneys' fees and costs expended in enforcing the settlement from the date of the Order." [Doc. 109, Page 10].

From July 21, 2023, when Chance J. Evans' counsel sent the good faith letter urging Gayle J. Evans, Jr. to execute the necessary instruments until January 8, 2025; Chance J. Evans incurred attorneys' fees in the amount of Ninety Four Thousand Two Hundred

Seventy Five and 49/100 Dollars ($94,275.49) pursuing the enforcement of the Settlement Agreement. To date, Gayle J. Evans, Jr. still has not executed the documents required to complete the settlement and as such, Chance J. Evans's continues to accrue legal fees seeking its enforcement.

On March 11, 2024, Chance J. Evans filed his *Motion for Attorneys' Fees* [Doc. 110] moving the Court to enter an Order awarding Chance J. Evans his attorneys' fees expended in enforcing the parties' settlement agreement from the date of the *Order of Dismissal* [Doc. 97] in the amount of Twenty Four Thousand Nine Hundred Twenty Two and 74/100 Dollars ($24,922.74). Chance J. Evans filed his *Supplemental Motion for Attorneys Fees* [Doc. 111] on March 21, 2024 attaching affidavits of reasonableness as to the incurred fees.

On March 28, 2024, Gayle J. Evans, Jr. filed his *Notice of Appeal* [Doc. 113] as to the *Memorandum Opinion and Order* [Doc. 109]. The parties briefed the issues raised on appeal and had oral arguments before the United States Court of Appeals for the Fifth Circuit on January 8, 2025. On January 15, 2025, the United States Court of Appeals for the Fifth Circuit, in a per curiam opinion upheld the district court's *Memorandum Opinion and Order* [Doc. 109].[1]

As of January 31, 2025, Gayle J. Evans, Jr. still has not executed the documents required to effectuate the settlement and Chance J. Evans has now incurred total fees and expenses in the amount of Ninety Four Thousand Two Hundred Seventy Five and 49/100

---

[1] In their published opinion, the Court of Appeals also remanded the issue of sanctions against Gayle J. Evans, Jr. personally and enforcement of the settlement agreement back to the district court. [Doc.120]

Dollars ($94,275.49) including an additional two hundred seventy seven hours and seventy five minutes (277.75) of time before the United State Court of Appeals for the Fifth Circuit.

Pursuant to the Court's *Memorandum Opinion and Order* [Doc. 109], Chance J. Evans "is entitled to recover his attorneys' fees and costs expended in enforcing the settlement from the date of the Order." [Doc. 109, Page 10].

## ARGUMENT

The United States Court of Appeals for the Fifth Circuit has held "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision" *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). The Court applied Mississippi law in its *Memorandum Opinion and Order* [Doc. 109]. Thus, Mississippi law governs Chance J. Evans' *Motion for Attorneys' Fees* [Doc. 110].

Rule 1.5(a) of the Mississippi Rules of Professional Conduct provides the following factors which should be consider in determining a reasonable amount of attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Miss R. Prof'l Cond. Rule 1.5.*

The Mississippi Supreme Court has also held that factors to be considered in determining an appropriate amount of attorneys fees are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charged in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). Additionally, the Mississippi Supreme Court has noted Mississippi Rule of Professional Conduct 1.5(a) and the *McKee* factors are "strikingly similar". *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (Miss. 2007).

The *Mckee* and Rule 1.5(a) reasonableness factors are also closely aligned with the factors first adopted by the Fifth Circuit in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974); and later adopted by the United States Supreme Court in *Hensley*. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In *Hensley*, the United States Supreme Court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Id.* at 433. Multiplying the reasonable hours by a reasonable rate is known as the "lodestar" method.[2] *Id.*

---

[2] Several years later, the Mississippi Supreme Court adopted the "lodestar" method in *Mauck*. *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 271 (Miss. 1999).

Reasonable hourly rates "are based on the 'prevailing market rates in the relevant community.'" *Worldcom, Inc. v. Automated Commc'ns, Inc.*, 75 F. Supp. 2d 526 (S.D. Miss. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant community in this matter is the Western Division of the Southern District of Mississippi and the United States Court of Appeals for the Fifth Circuit.

To determine the reasonableness of the amount of hours, courts will analyze whether the hours submitted by the attorneys suggest that the attorneys exercised "billing judgment". *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir.1996). Billing judgment is normally shown by the attorneys writing off unproductive, excessive, or redundant hours. *Id.* Hours which are excessive, redundant, unnecessary, or come as a result of the case being overstaffed are not included in a court's lodestar calculation of hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Counsel for Chance J. Evans expended a total of one hundred and sixteen (116) hours and twenty four (24) minutes effectuating the Court's enforcement of the parties' settlement agreement in the United States District Court for the Southern District of Mississippi, Western Division.[3] Counsel for Chance J. Evans charged a total of Twenty Four Thousand Seven Hundred and Eighty Eight and 75/100 Dollars ($24,788.75) for the one hundred and sixteen (116) hours and twenty four minutes and One Hundred and Thirty Three and 99/100 Dollars ($133.99) for associated costs. Affidavits of Lane B. Reed, Mary Kathryn

---

[3] Hours related to the drafting of the instruments included in the terms of the Parties' Settlement Agreement and for all other tasks which would have occurred if enforcement was not pursued have not been included in this total.

Williamson and Ashley A. Johnson as to the reasonableness of the fees, the time and skill necessary to complete this matter and the preclusion of other employment suffered by the attorneys as a result of Gayle J. Evans, Jr.'s actions are attached to the *Second Supplemental Motion for Attorney's Fees* as Exhibit **"B."**

Counsel for Chance J. Evans expended a total of two hundred seventy seven hours and seventy five minutes (277.75) effectuating the enforcement of the settlement agreement before the United States Court of Appeals for the Fifth Circuit which included the drafting of an appellate brief and preparation for an oral argument before a panel of judges in New Orleans, Louisiana. The rate charged was Two Hundred Fifty and 00/100 Dollars and 00/100 ($250.00) per hour for partners; Two Hundred Twenty Five and 00/100 ($225.00) for associates and Seventy Five and 00/100 Dollars ($75.00) per hour for law clerks. An affidavit of S. Mark Wann, Managing Partner of the Maxey Wann, PLLC, who routinely practices before the United States Court of Appeals for the Fifth Circuit, is attached to the *Second Supplemental Motion for Attorneys Fees* as Exhibit **"C"** and reflects that the rate charged by Chance J. Evans attorneys for the appellate work in this matter is actually below his opinion of a reasonable rate.

The total amount Chance J. Evans was billed for time and costs related to enforcing the parties' settlement agreement is Ninety Four Thousand Two Hundred Seventy Five and 49/100 Dollars ($94,275.49) and includes Three Hundred Ninety Four Hours and Fifteen minutes (394.15) of attorney time.

Exhibits **"A"**, **"B"**, and **"C"** all demonstrate that three hundred and ninety four (394)

hours and fifteen (15) minutes billed for enforcement of the parties' settlement agreement represent a reasonable amount of hours to complete the requisite tasks at a reasonable rate. Further, said Exhibits evidence the fact that Ninety Four Thousand Two Hundred Seventy Five and 49/100 Dollars ($94,275.49) represents a reasonable rate any party could expect to be billed for enforcement of a settlement agreement and a nearly year long appellate battle under similar circumstances and in the same area.

## CONCLUSION

By the express terms of the Court's *Memorandum Opinion and Order* [Doc. 109], Chance J. Evans is entitled to recover his attorneys' fees and costs expended in enforcing the parties' settlement agreement. Chance J. Evans' demands a total of Ninety Four Thousand Two Hundred Seventy Five and 49/100 Dollars ($94,275.49) in attorneys' fees represents a reasonable figure that any similar party in the United States District Court for the Southern District of Mississippi, Western Division and the United States Court of Appeals for the Fifth Circuit would expect to pay to pursue enforcement of a settlement agreement, including appellate briefing and an oral argument. Therefore, the Court should grant Chance J. Evans *Second Supplemental Motion for Attorneys' Fees*.

THIS the 31st day of January, 2025.

                                        **CHANCE J. EVANS**

                                BY:   /s/ Lane B. Reed
                                    **LANE B. REED, OF COUNSEL**
                                    **McGEHEE, McGEHEE & TORREY**

PREPARED BY:

LANE B. REED
MISS. BAR NO. 10002
MARY KATHRYN WILLIAMSON
MISS. BAR NO. 103000
ASHLEY A. JOHNSON
MISS. BAR NO. 105313
McGEHEE, McGEHEE & TORREY
ATTORNEYS AT LAW
POST OFFICE BOX 188
MEADVILLE, MISSISSIPPI  39653
TELEPHONE:  601-384-2343
FACSIMILE:   601-384-5442
ELECTRONIC MAIL: mmtlaw@mmtlaw.net

## CERTIFICATE OF SERVICE

I, Lane B. Reed, McGehee, McGehee, & Torrey, attorney of record for Chance J. Evans, do hereby certify that I have this date filed this **MEMORANDUM BRIEF IN SUPPORT OF CHANCE J. EVANS' SECOND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES** with the Clerk of the Court using the ECF Filing System, which sent notification of such filing to the following:

> Wayne Dowdy, Esquire
> Dowdy Cockerham & Watt
> Post Office Box 30
> Magnolia, Mississippi 39652
> waynedowdy@waynedowdy.com

THIS, the 31st day of January, 2025.

>            BY:   /s/ Lane B. Reed
>                  **LANE B. REED, OF COUNSEL**
>                  **McGEHEE, McGEHEE & TORREY**