```
            IN THE UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


GAYLE J. EVANS, JR.                                  PLAINTIFF

v.                           CAUSE NO.: 5:22-CV-00037-DCB-BWR

CHANCE J. EVANS                                      DEFENDANT
```

## ORDER

Before the Court is Chance J. Evans ("Defendant")'s Motion for Citation of Contempt and for Enforcement of Court's Judgment [ECF No. 118] ("Contempt Motion"). The Court set forth in detail the background of this case in its Memorandum Opinion and Order dated March 4, 2024, which enforced a settlement agreement between the parties. [ECF No. 109] at 1-5. The Court need not repeat that detailed history here. Plaintiff Gayle J. Evans, Jr. ("Plaintiff") appealed the Court's enforcement order to the United States Court of Appeals for the Fifth Circuit. See Notice of Appeal, [ECF No. 113]. On appeal, the Fifth Circuit summarized the relevant facts as follows:

> In open court, Gayle J. Evans, Jr., confirmed settlement of his lawsuit against his brother Chance J. Evans. They agreed that Chance would manage a Mississippi LLC into which they would each transfer their respective interests in certain real property. Despite agreeing in open court that no material terms were left out of the agreement, Gayle reneged and refused to sign any LLC operating agreement. The district court granted Chance's motion to enforce the agreement. We AFFIRM.

1

Evans v. Evans, 125 F.4th 1213, (5th Cir. 2025). Along with affirming the enforcement of the settlement, the Fifth Circuit remanded with instructions "to the district court to consider sanctions against Gayle J. Evans, Jr., personally and to act as needed to enforce the parties' settlement agreement." Evans v. Evans, 125 F.4th 1213, 1214 (5th Cir. 2025).

The Court finds that Plaintiff Gayle J. Evans, Jr., defied the Court's settlement enforcement order. [ECF No. 109] at 11. A district court has inherent power to prevent frustration of its judicial duty by a party. NASCO, Inc. v. Calcasieu Television & Radio, Inc., 894 F.2d 696, 698 (5th Cir. 1990), aff'd sub nom. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The court also may use its inherent power to sanction conduct, if it is in "disobedience to the orders of the Judiciary." Chambers, 501 U.S. at 44. Plaintiff's conduct satisfies the standard for sanctions.

In accordance with the Fifth Circuit's instructions on remand regarding sanctions in this case and in consideration of precedent,

**IT IS ORDERED that** Defendant's Motion for Citation of Contempt and for Enforcement of Court's Judgment [ECF No. 118] is:

1) **GRANTED in part** as to finding that Plaintiff Gayle J. Evans, Jr. is in contempt of the Court's order dated March 4,

2024, [ECF No. 109], and should be sanctioned personally;

2) **DENIED in part**, at this time, as to the type and scope of sanctions that Defendant has requested in his Motion. In the interest of fairness, the Court will hear and consider the positions of the parties on the type and scope of appropriate sanctions at an in-person hearing. The Court also will hear the parties regarding what actions are needed to enforce the parties' settlement agreement; and

**IT IS FURTHER ORDERED that** an in-person hearing on this matter shall be set for 10:00 AM on April 29, 2025, at the United States District Courthouse in Natchez, Mississippi. To carry out the Fifth Circuit's ruling, both parties must be prepared to (i) update the Court regarding the facts that the Court should consider in formulating appropriate sanctions against Gayle J. Evans, Jr., personally; and (ii) present the Court with a practical and effective remedy to enforce the parties' settlement agreement. **ALL PARTIES AND THEIR COUNSEL MUST BE PHYSICALLY PRESENT AT THE HEARING.** Failure to appear can result in additional sanctions.

SO ORDERED, this the 21st day of March 2025.

                                 /s/ David C. Bramlette
                                 UNITED STATES DISTRICT COURT JUDGE