# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 4, 2025
Lyle W. Cayce
Clerk

No. 24-60152

GAYLE J. EVANS, JR., *a Montana Resident*,

*Plaintiff—Appellant*,

versus

CHANCE J. EVANS, *a Mississippi Resident*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:22-CV-37

_____

UNPUBLISHED ORDER

Before JONES and OLDHAM, *Circuit Judges*, and HENDRIX, *District Judge*.*

PER CURIAM:

  On December 18, 2024, this court ordered both parties to "be physically present in the courtroom for oral argument." At oral argument on January 8, 2025, Appellee Chance Evans was present, but Appellant Gayle

---

* United States District Judge for the Northern District of Texas, sitting by designation.

No. 24-60152

J. Evans, Jr., was not. When questioned about Gayle's absence, counsel stated: "He was unable because of a severe snowfall to make his flight from near Great Falls, Montana, where he lives." Oral Arg. 0:30–0:53.

On January 15, 2025—the same day this court affirmed the district court's judgment—we ordered Gayle to Show Cause why sanctions should not be imposed for his failure to appear or to give notice that he would be absent. This court directed Gayle to "supply a sworn affidavit, travel information, and other proof of the excuse proffered by counsel" at oral argument. Because his response included neither evidence of frustrated travel plans nor of snow in the days *preceding* oral argument, but instead advanced an excuse other than that given at oral argument,[1] we think the district court is best equipped to evaluate sanctions for Gayle's absence at oral argument alongside its ongoing consideration of other sanctions.

IT IS ORDERED that consideration of sanctions stemming from this court's December 18, 2024, Order to Show Cause—over which we originally retained jurisdiction—is now REMANDED to the district court.

---

[1] Gayle's attorney's paralegal claims to have been advised by this court's courtroom deputy less than a week before the scheduled oral argument that Gayle need not show up at court in New Orleans. The affidavit, however, does *not* say that the paralegal advised that the panel had *insisted* in a written order on Gayle's personal attendance at the oral argument. This omission renders that excuse highly dubious.