IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR.                                              PLAINTIFF

v.                                       CAUSE NO.: 5:22-CV-00037-DCB-BWR

CHANCE J. EVANS                                                  DEFENDANT

SHOW CAUSE ORDER

    The Court held an in-person hearing on April 29, 2025, during which it heard arguments from both parties regarding the type and scope of sanctions that the Court should impose on Defendant for his refusal to comply with the Court's settlement enforcement order [ECF No. 109].[1]  At the conclusion of the hearing, the Court directed counsel to submit in writing what their respective clients would be willing to do to close this matter fully.  The Court gave Defendant two weeks to respond and gave Plaintiff fifteen (15) additional days to respond.  [ECF No. 143] at 88-90.  Defendant timely filed his response with the Court, [ECF No. 141], but, to date, Plaintiff has not responded.

---

[1] The Fifth Circuit Court of Appeals affirmed the Court's order of enforcement and remanded with instructions for the district court to consider sanctions against Plaintiff personally.  Evans v. Evans, 125 F.4th 1213, 1214 (5th Cir. 2025).

In his responsive memorandum, Defendant urges the Court to utilize Federal Rule of Civil Procedure 70(a), (b) and/or (e) to:

1) divest Plaintiff and his revocable trust of all interest in certain described real property and vest it instead in Natchez Provisioner, LLC; or

2) appoint a third party to execute the deeds referenced in the parties' settlement; or

3) incarcerate Plaintiff until he executes the deeds referenced in the parties' settlement.

Defendant advises that there is no Fifth Circuit case directly on point regarding his proposed application of Rule 70(a) and (b). Citing US. v. Ely, 140 F.3d 1089, 1090 (5th Cir. 1998), he claims that the Court "must look to other circuits." [ECF No. 141] at 3. As support for divesting Plaintiff of his real property interest under Rule 70(b), Defendant asks the Court to follow the Florida district court's holding in R Palace Surfside, LLC v. Anamar Ventures, Inc., No. 1:23-CV-22884, 2023 WL 8479417, at *4 (S.D. Fla. Nov. 29, 2023), report and recommendation adopted, No. 23-CV-22884, 2023 WL 8470626 (S.D. Fla. Dec. 7, 2023). Regarding the proposed appointment of a third party to execute the relevant deeds under Rule 70(a), Defendant cites United States v. Fitzgerald, 109 F.3d 1339, 1342 (8th Cir. 1997), as support.

2

Finally, Defendant argues that the Fifth Circuit has upheld incarceration as a sanction for civil contempt and urges the Court to apply that alternative here.  See United States of America v. Brumfield, 188 F.3d 303 (5th Cir. 1999).

The Court wishes to fully and finally conclude this matter in accordance with the Fifth Circuit's instructions on remand. Having received no written response from Plaintiff's counsel as the Court requested at the in-person hearing, the Court orders Plaintiff to show cause why the Court should not apply Rule 70 as Defendant has proposed.  Plaintiff should respond to all three of Defendant's proposals as summarized above.  Plaintiff's written response is due within fifteen (15) days of the date of the order.

SO ORDERED, this the 8th day of July 2025.

    /s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE