IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR.                                         PLAINTIFF

v.                                   CAUSE NO.: 5:22-CV-00037-DCB-BWR

CHANCE J. EVANS                                             DEFENDANT

MEMORANDUM OPINION AND ORDER

The Court held an in-person hearing on April 29, 2025, during which it heard arguments from both parties regarding the actions that the Court should take to enforce the parties' settlement agreement.[1]  At the conclusion of the hearing, the Court directed counsel to submit in writing their proposed settlement enforcement measures.  Defendant timely filed his response with the Court, [ECF No. 141], but Plaintiff never replied.  The Court gave Plaintiff a second opportunity to respond, which Plaintiff also ignored.  See

---

[1] The Court previously ruled that the parties' settlement should be enforced, [ECF No. 109], which the Fifth Circuit Court of Appeals affirmed.  Evans v. Evans, 125 F.4th 1213 (5th Cir. 2025).

Show Cause Order, [ECF No. 145].

## DISCUSSION

Defendant proposes that the Court use Federal Rule of Civil Procedure 70 to enforce the parties' settlement. As expressed at the hearing, Defendant's preferred method of enforcement is for the Court to use Federal Rule of Civil Procedure 70(b) to divest Plaintiff and his revocable trust of all interest in certain described real property and vest it instead in Natchez Provisioner, LLC (the "LLC"). Hr'g Tr., [ECF No. 143] at 82:15-83:18. Defendant has not provided the Court with drafts of the proposed divestiture document(s) that would be needed to effectuate his Rule 70(b) proposal. Alternatively, Defendant contends that the Court could follow Rule 70(a) and appoint a third party – such as the Clerk of Court - to execute a quitclaim and a warranty deed that would transfer Plaintiff's interest in the same real property to the LLC. The Court admitted forms of the two proposed deeds into evidence at the hearing without objection. [ECF Nos. 140-6, -7]; Hr'g Tr., [ECF No. 143] at 37:23-39:6. Lastly, Defendant has argued that Rule 70(e) permits the Court to incarcerate Plaintiff until he

executes the deeds referenced in the parties' settlement.  [ECF No. 141] at 2.

Defendant advises that there is no Fifth Circuit case directly on point and overstates the Court's obligation to look to other jurisdictions.  [ECF No. 141] at 3 (" … this Court must look to other circuits.").  However, the Court need look no further than the Fifth Circuit's opinion in Gates v. Collier, 616 F.2d 1268, 1271–72 & n.6 (5th Cir. 1980).  In Gates, the Fifth Circuit quoted Rule 70(a)[2] as grounds for upholding the remedy employed by the United States District Court for the Northern District of Mississippi against state officials who "made it abundantly clear that they intend to resist the judgment until the bitter end."  Id. at 1272 & n.6.  The panel explained:

---

[2] Federal Rule of Civil Procedure 70(a) provides:

**a) Party's Failure to Act; Ordering Another to Act.** If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70(a).

3

> Only when the district court's response to the recalcitrance of a litigant is so inappropriate under the circumstances as to amount to an abuse of discretion will the Court of Appeals intervene. Here, the district court acted well within its authority to ensure compliance with its lawful orders. If statutory authority is needed for the court's actions, it may be found in Fed.R.Civ.P. 70.[6] The defendants have made it abundantly clear that they intend to resist the judgment until the bitter end. Given such obstinance, we think it beyond peradventure that the remedy fits the wrong.

Gates, 616 F.2d at 1271-72 (footnote 6 of the opinion reproduces, in pertinent part, Rule 70(a)). By any measure, Plaintiff has shown himself to be a recalcitrant litigant who has no intention of complying with the Court's orders to enforce the parties' settlement. The Fifth Circuit specifically instructed this Court "to act as needed to enforce the parties' settlement agreement." Evans, 125 F.4th at 1214. In keeping with the Fifth Circuit's reasoning in Gates and its specific instructions on remand, the Court will appoint, pursuant to Federal Rule of Civil Procedure 70(a), Arthur S. Johnston, III, Clerk of the United States District Court for the Southern District of Mississippi, to execute the deeds needed to complete the parties' settlement. The Court directs the parties as follows:

4

1. Within 10 days of the date of this Memorandum Opinion and Order, Defendant shall file in the Clerk's Office his proposed quitclaim (not warranty) deeds in proper form for recording in the correct Mississippi Chancery Clerk's Office, with true and complete legal descriptions.  The proposed quitclaim deeds shall be substantively similar to the deeds admitted into evidence, without objection, at the hearing as Exhibits D-6 and D-7 ([ECF Nos. 140-6, -7]), with these modifications:

> (i) Defendant's counsel shall prepare the signature blocks on the proposed quitclaim deeds for execution by Arthur S. Johnston, III, solely in his capacity as Clerk of the United States District Court for the Southern District of Mississippi, and solely as appointed by, and to the extent authorized by, this Order of the United States District Court for the Southern District of Mississippi.  Correct citations to this Order and this civil action shall be included in the proposed deeds.

> (ii) Attached to each quitclaim deed shall be a proper and statutorily compliant Mississippi acknowledgment that indicates execution of the deed by Arthur S. Johnston, III, Clerk of the United States District Court for the Southern District of Mississippi, solely in his capacity as Clerk of the United States District Court for the Southern District of Mississippi, and solely as appointed by, and to the extent authorized by, this Order of the United States District Court for the Southern District of Mississippi.

      (iii) Other proposed modifications (if any) to the forms of deed that Defendant's counsel deems necessary to ensure legal and valid recording under Mississippi law, shall be brought to the Court's and Plaintiff's attention in writing.

2. Within 10 days of the filing of Defendant's proposed forms of deed in the district court Clerk's Office, Plaintiff's counsel shall draft and file in the Clerk's Office his requested revisions to the proposed forms of deed.

3. Defendant shall have 5 days to respond to Plaintiff's requested changes.

4. After considering timely submissions from the parties, the Court will order Defendant's counsel to finalize the deeds for execution and recording in the correct chancery clerk's office.

The Court has considered all arguments, testimony, evidence, and relevant legal authorities presented by the parties in their submissions and at the hearing that was held on April 29, 2025. Any argument not expressly addressed in this Memorandum Opinion and Order would not change the outcome.

Accordingly,

**IT IS ORDERED that** Arthur S. Johnston, III, solely in his

capacity as Clerk of the United States District Court for the Southern District of Mississippi, is hereby appointed and authorized pursuant to Federal Rule of Civil Procedure 70(a), and in accordance with this Memorandum Opinion and Order, to execute the quitclaim deeds that this Court determines to be necessary to complete the parties' settlement of this civil action; and

**IT IS FURTHER ORDERED that** the parties shall timely perform the Court's directions as set forth in detail above.  All deadlines shall be strictly enforced.

**SO ORDERED,** this the 12th day of August 2025.

                                            /s/   David C. Bramlette
                                UNITED STATES DISTRICT JUDGE