IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR.                                          PLAINTIFF

v.                               CAUSE NO.: 5:22-CV-00037-DCB-BWR

CHANCE J. EVANS                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gayle J. Evans ("Plaintiff")'s Rule 60(b) Motion for Relief from the Court's Rule 70 Judgment [ECF No. 150]. Having considered the parties' submissions and the relevant law, Plaintiff's request that the Court withdraw its Rule 70 judgment will be denied.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied, released, or discharged; or (6) any other reason that

1

justifies relief from the judgment.  FED. R. CIV. P. 60(b)(1)-(6).[1] In his motion, Plaintiff cites to no specific subsection of Rule 60(b) as grounds for relief.  His motion presents nothing new and demonstrates no grounds for relief under any subsection of the rule.  A party's disagreement with, or unhappiness about, a court's prior ruling is not a basis for relief under Rule 60(b).  E.g., Carter v. Dolce, 741 F.2d 758, 760 (5th Cir. 1984); Cosey v. Lumpkin, No. CV H-22-2591, 2023 WL 11852785, at *1-2 (S.D. Tex. Feb. 14, 2023); Sanchez v. United States, No. 5:05-cv-206-DCB-JCS, 2006 WL 1454752, at *1-2 (S.D. Miss. May 18, 2006).

---

[1] Federal Rule of Civil Procedure 60(b) provides in full:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's sole factual argument is, yet again, his theory that the entire case is moot because the parties signed a new lease for their Natchez nursing home effective as of January 1, 2025. This is a rehash of an unsuccessful argument that Plaintiff made to the Fifth Circuit Court of Appeals and then unsuccessfully repeated post-appeal to this Court. The Fifth Circuit soundly rejected the argument when Plaintiff attempted to have his appeal dismissed as moot:

> Gayle also argues that the parties' leasing the relevant property to a new tenant moots this case. But the case is not moot because the lease agreement is independent of this litigation, Chance still seeks to form the LLC agreed on in the settlement, and Gayle continues to renege.

Evans v. Evans, 125 F.4th 1213, 1214 (5th Cir. 2025). And this Court followed the Fifth Circuit's lead in its post-appeal ruling on attorney fees:

> Plaintiff's brief presents but one argument in opposition to an award of attorneys' fees: the case is moot because the parties signed a new nursing home lease … . Like the Fifth Circuit, the Court finds the new lease to be independent of the issue before the Court.

Evans v. Evans, No. 5:22-CV-00037-DCB-BWR, 2025 WL 1886670, at *5 (S.D. Miss. July 8, 2025). Plaintiff's repetition of the same

3

argument that the Fifth Circuit rejected in a published opinion and that this Court equally rejected post-appeal has become vexatious, is wasting judicial resources, is abusing the court system, and only serves to delay enforcement of the Court's judgment. Any further attempts to avoid the Court's orders will be grounds for sanctions.

  Plaintiff also asserts, without support, that the Court's ruling under Rule 70 [ECF No. 146]: granted unconstitutional relief; is void; violated due process of law; and is manifestly unjust due to exceptional circumstances. [ECF No. 150] ¶ 3. Plaintiff provides no factual or legal support for his accusations, and the record belies Plaintiff's charges. The only exceptional circumstances in this case are Plaintiff's repeated refusals to follow the Court's settlement enforcement orders, even after his appellate loss at the Fifth Circuit Court of Appeals. Plaintiff's conclusory and unsubstantiated allegations in his present motion are insufficient to warrant relief under any provision of Rule 60(b), including the "catch-all" provision for exceptional or extraordinary circumstances under Rule 60(b)(6). <u>Baker v. Schneider Nat'l Carriers, Inc.</u>, No. 3:19-CV-3045-N, 2022 WL 4071876, at *2 (N.D. Tex. Sept. 2, 2022) (plaintiff failed to

4

demonstrate the existence of exceptional or extraordinary circumstances warranting relief under Rule 60(b)(6) based on the allegations asserted in his filing).

The Court concludes that Plaintiff has failed to provide any justification for altering the Court's Rule 70 Order, [ECF No. 146]. Accordingly,

**IT IS ORDERED that** Plaintiff Gayle J. Evans's Rule 60(b) Motion for Relief from the Court's Rule 70 Judgment [ECF No. 150] is **DENIED.**

**SO ORDERED,** this the 22nd day of October 2025.

<u>s/ David C. Bramlette</u>
UNITED STATES DISTRICT JUDGE