# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**GAYLE J. EVANS, JR.**                                                          **PLAINTIFF**

vs.                                          CAUSE NO.: 5:22-CV-00037-DCB-BWR

**CHANCE J. EVANS**                                                              **DEFENDANT**

### ORDER

Chance J. Evans ("Defendant") has filed a motion in which he asks the Court, pursuant to Federal Rules of Civil Procedure 54 and 58, to enter a separate judgment with respect to the Court's prior award of attorney fees. See Defendant's motion at [ECF No. 147] and the Court's attorney fee order at [ECF 144]. Defendant concedes in his motion that "a separate judgement is not required for attorney's fees under Federal Rule of Civil Procedure 58(a)(3)," [ECF No. 147] ¶ 4, but he nonetheless requests entry of a separate judgment "to eliminate any doubt as to finality and to confirm the commencement of the appellate period under Federal Rule of Appellate Procedure 4(a) on July 8, 2025." Id. Plaintiff Gayle J. Evans, Jr., filed no response to the motion, and the time to do so has expired. L.U. CIV. R. 7(b)(4).

The Court finds that Defendant's request is contrary to the plain language of Federal Rule of Civil Procedure 58(a) and 58(d).[1]

---

[1] Federal Rule of Civil Procedure 58(a) and (d) provides:

Rule 58(a) states that a "separate document is not required "for an order disposing of a motion ... for attorney's fees under Rule 54". Fed. R. Civ. P. 58 (a)(3). Rule 58(d) permits a party to request that a judgment be set out separately "as required by Rule 58(a)." The Court's prior order [ECF No. 144] that granted Defendant's motion for attorney fees is not a judgment that is required to be set out separately; rather, as provided in Rule 58(a)(3), it is one of five enumerated post-judgment motions that is an exception to Rule 58's separate judgment requirement.

Although the Court has found no Fifth Circuit opinion directly on point with the facts of this situation – and Defendant cites to none – courts in other circuits have examined the intersection of Rules 54, 58(a) and 58(d) and rejected arguments for a separate

---

Rule 58. Entering Judgment

    (a) Separate Document. Every judgment and amended judgment must be set out in a separate document, but a separate document is ***not required*** for an order disposing of a motion:
    (1) for judgment under Rule 50(b);
    (2) to amend or make additional findings under Rule 52(b);
    (3) ***for attorney's fees under Rule 54;***
    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
    (5) for relief under Rule 60.

...

    (d) Request for Entry. A party may request that judgment be set out in a separate document ***as required by Rule 58(a).***

Fed. R. Civ. P. 58(a), (d) (emphasis added).

final judgment on an award of attorney fees.  See, e.g., Keshner v. Nursing Pers. Home Care, 747 F.3d 159, 161 (2d Cir. 2014) (denying a request to enter a separate judgment document based on a fee award); accord Perez v. AC Roosevelt Food Corp., 744 F.3d 39, 41(2d Cir. 2013); Feldman v. Olin Corp., 673 F.3d 515, 516 (7th Cir. 2012) (Posner, J.) (" … since 2002, Rule 58(a)(3) has provided that no separate document is required 'for an order disposing of a motion for attorney's fees under Rule 54' (Fed.R.Civ.P. 54)"); Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., No. 14 CIV. 06016 (ER), 2018 WL 4682012, at *3 (S.D.N.Y. Sept. 28, 2018) ("Because Rule 58(d) only allows parties to move for a separate judgment document as required by 58(a) and because Rule 58(a) does not require a separate judgment document for any award of attorney's fees and costs, ... the Court finds that it lacks the power to enter a separate judgment document pursuant to a Rule 58(d) motion.").

In keeping with the plain language of the relevant rules of procedure, Defendant's request for a separate judgment pursuant to Rule 58(d) is **DENIED.**

So ordered, this the 22nd day of October 2025.

                                         ____s/ David C. Bramlette____
                                         UNITED STATES DISTRICT JUDGE